UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOVEIG ROMBERG,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JO ANNE BARNHART, Commissioner of Social Security Administration,<br><br>　　　　　　　　　Defendant. | Civil No.　01cv2187-K(POR)<br><br>**ORDER REOPENING CASE** |

　　　Plaintiff Solveig Romberg ("Dr. Romberg") brought this action pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. At the April 3, 2000, hearing before the ALJ, Dr. Romberg testified she experienced mental problems in the form of depression and paranoia that prevented her from working. (ECF No. 11 at 3.) Dr. Romberg further testified she suffered from collagenous colitis, a condition that resulted in fecal incontinence. *Id.* at 4.

　　　On June 3, 2002, Dr. Romberg filed her Motion for Summary Judgment, arguing the ALJ's attempt to minimize the severity of Dr. Romberg's primary impairments was not supported by substantial evidence. (ECF No. 8.) Dr. Romberg also argues the Commissioner committed prejudicial legal error by failing to enlist Vocational Expert testimony as to whether Dr. Romberg retained the residual functional capacity and transferrable skills to perform light work in non-public settings. *Id.* On July 5, 2002, the Commissioner filed her Cross-Motion for Summary Judgment

arguing the ALJ's decision was supported by substantial evidence including specific references to the record, reasonable inferences from the evidence, and proper reliance on the law. (ECF No. 9.)

On August 15, 2002, this Court recommended Dr. Romberg's Motion for Summary Judgment be denied and the Commissioner's Cross-Motion for Summary Judgment be granted. (ECF No. 11.) On February 12, 2003, the Honorable Judith N. Keep rejected this Court's Report and Recommendation order in part and remanded the action to the Commissioner of Social Security for further action pursuant to 42 U.S.C. § 405(g), sentence six. (ECF No. 13.) Specifically, Judge Keep did not find substantial evidence supporting the ALJ's determination that Plaintiff is not disabled for purposes of Social Security based on her physical ailments. *Id.* at 14. The Court remanded the case to the Commissioner of Social Security for proper evaluation of Dr. Brower, Dr. Launer, and Dr. Sisto's opinions, as well as Plaintiff's own testimony regarding collagenous colitis.

Section 405(g) of the Social Security Act identifies two kinds of remands: (1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "The fourth sentence of § 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." *Id.* (internal quotations omitted). Conversely, the sixth sentence "describes an entirely different kind of remand." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). "The district court does not affirm, modify or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan*, 501 U.S. at 98.

Sentence six further provides that such a remand, "the Secretary must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Id.* (quoting 42 U.S.C. § 405(g)). In a sentence six remand, the time period for filing an appeal "does not begin until after the postremand proceedings are completed, the Secretary returns to court, [and] the court enters a final judgment." *Id.* at 102. Therefore, the district court

retains jurisdiction of the civil action pending the completion of the administrative proceedings following a sentence six remand. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). Here, the Honorable Judith N. Keep remanded this action for further proceedings pursuant to sentence six of § 405(g). Accordingly, the Court retains jurisdiction to enter a final judgment in this matter.

On July 28, 2011, Defendant's counsel contacted the Court and represented that the remand proceedings have been completed. Based thereon, IT IS HEREBY ORDERED:

1. The Court directs the Clerk of Court to reopen and reassign a District Judge to this case.

2. The Court shall hold a Case Management Conference on **August 25, 2011** at **1:30 p.m.** The conference shall be <u>telephonic</u>, with <u>attorneys only</u>. Counsel shall use the Court's conferencing system:

    Conference number:   1 (888) 684-8852
    Access code:         7923839
    Passcode:            1291

DATED: August 2, 2011

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     All parties